**Li Li ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–5921–ag 27 NAC.

United States Court of Appeals, Second Circuit.

July 27, 2006.

David X. Feng, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District of Florida, Anne R. Schultz, Laura Thomas Rivero, Carol Herman, Assistant United States Attorneys, Miami, FL, for Respondent.

Present ROGER J. MINER, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Li Li Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the BIA, affirming a decision of immigration judge ("IJ") Philip L. Morace (File No. A 73 663 702). The IJ rejected Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 156–58 (2d Cir.2006); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004). Because the BIA issued a short opinion affirming the IJ's decision in all respects but one—namely, that Zheng's age at the time of her removal proceeding undermined her claimed fear of future sterilization—we review the IJ's decision as modified by the BIA, *i.e.*, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

Applying these principles to this case, we find that the IJ's adverse credibility determination was supported by substantial evidence. Zheng testified before the IJ that she and her husband were *both* targeted for sterilization and *together* went into hiding, whereas Zheng's amended statement in support of her asylum application indicated that her husband had been targeted for sterilization and had gone into hiding *alone*. Although Zheng's asylum application could be read to imply that she also had been targeted for sterilization—inasmuch as Zheng's application indicated

that she "was not able to undergo sterilization" due to an infection—the IJ explicitly acknowledged this particular statement in Zheng's asylum application before rejecting her explanation for the cited inconsistency as not "acceptable or plausible." We have emphasized before that where, as here, "the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang*, 386 F.3d at 74 (internal quotation marks omitted). Accordingly, we defer to the IJ's adverse credibility determination under the strict standard of review provided by Congress. *See* 8 U.S.C. § 1252(b)(4)(B) (stating that an IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

Because the only evidence of a threat to Zheng's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Furthermore, Zheng failed to prove that "it is more likely than not that [s]he ... would be tortured if removed to [China]," *see* 8 C.F.R. 208.16(c)(2), and, therefore, she is not eligible for relief under the CAT. *See Xiao Ji Chen*, 434 F.3d at 163.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).